IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. 3:19-CR-302-ALB-SMD |
| ) | |
| JAMES F. WELBURN ) | |

**RECOMMENDATION OF THE MAGISRATE JUDGE**

**I.  INTRODUCTION**

James Welburn ("Welburn") is charged with multiple counts of conspiracy, bribery, and wire fraud.  (Doc. 1).  Evidence supporting these charges was seized from Welburn's truck driving school.

On August 26, 2019, Welburn filed a Motion to Suppress. (Doc. 13).  Welburn's Motion seeks an order suppressing "the fruits of the search warrant that was performed on December 5, 2017." *Id.* at 4. Welburn argues that the searching officers' refusal to provide him with a complete, unabridged version of the search warrant with the warrant's attachments merits suppression of any evidence uncovered in the search.  *Id.* at 1–4.

The Government filed a Response (Doc. 16) arguing that; first, law enforcement had valid concerns about providing Welburn with the complete copy of the warrant at the beginning of the search because Welburn knew other targets in the same investigation; and second, Welburn failed to cite any binding law holding that law enforcement's refusal to provide a complete copy of a search warrant requires suppression. *Id.*  On October 2, 2019,

the undersigned United States Magistrate Judge held a suppression hearing. (Doc. 22). Welburn testified and was cross-examined by the Government. The issues presented by Welburn are now ripe for recommendation to the United States District Judge. Upon consideration of Welburn's Motion (Doc. 13), the Government's Response (Doc. 16), and the evidence, testimony, and argument adduced at the suppression hearing (Transcript available at Doc. 23), the undersigned Magistrate Judge recommends that Welburn's Motion to Suppress be denied.

## II. FINDINGS OF FACT[1]

On December 5, 2017 Special Agent Sara Oliver ("Oliver") of the U.S. Department of Transportation – Office of Inspector General executed two search warrants; one on Welburn's truck driving school, the other on the office of Kenneth Edwards, a Phenix City-based chiropractor. (Doc. 16) at 2-5, (Doc. 13) at 1-2. Because Oliver was investigating a suspected bribery scheme between Welburn and Edwards, the warrant against Welburn authorized the seizure of a wide variety of business and financial records in Welburn's possession. (Doc. 13-1).[2] The plan was to search both premises on the same morning, but because the search teams opted to wait for an employee to arrive at each site before

---

[1] The Court reaches findings of fact at a suppression hearing based on a preponderance of the evidence. *United States v. Beechum*, 582 F.2d 898, 913 n.16 (5th Cir. 1978) (citing *Lego v. Twomey*, 404 U.S. 477, 489 (1972)).

[2] The parties agreed at the suppression hearing to incorporate by reference the warrants attached to their motions. (Tr. 5). Additionally, they stipulated to the fact that the Government refused to provide Welburn the unabridged warrant because of concerns with the other investigation. (Tr. 3) As Defendant's counsel admitted, "the only real issue for the Court is whether the government acted in bad faith in not providing [the attachments]". (Tr. 3). Oliver did not take the stand. Some of the underlying facts were not discussed at the hearing, and those facts are taken from the parties' motions.

2

entering, they began searching Welburn's campus shortly after 6:00 AM, while the search of Edwards' premises began closer to 9:00 AM. (Doc. 16) at 4-5. During this interim period, Welburn asked Oliver to see the search warrant. (Tr. 7). Oliver obliged in part by showing him the warrant, (Doc. 13-1), but refused to provide him with the attachments, which provided a detailed description of the property to be searched along with the items that agents could seize. (Doc. 23) at 7-11. Oliver did this to avoid tipping off Welburn to the fact that Edwards was under a simultaneous investigation, and to avoid giving Welburn the opportunity to alert Edwards of the impending search. (Doc. 16) at 5. Later in the day, after both search teams had finished their work, Oliver permitted Welburn to review the warrant attachments. (Doc. 16) at 1-5.

### III. PARTIES' ARGUMENTS

#### A. DEFENDANT

Welburn argues that Rule 41 of the Federal Rule of Criminal Procedure requires an officer executing a search warrant to provide a copy of the warrant to the individual whose person or property is the subject of the warrant. (Doc. 13) at 3-4. Fed. R. Crim. P. 41(f)(1)(C) ("The officer executing the warrant must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken or leave a copy of the warrant and receipt at the place where the officer took the property"). In this case, Welburn repeatedly asked to see the entire warrant, but Oliver denied his requests until the search concluded. Welburn argues that, under some case law, a Rule 41 violation warrants suppression when the defendant is prejudiced, or

3

when law enforcement intentionally and deliberately disregards a provision of Rule 41. (Doc. 13) at 3. Additionally, Welburn cites a Ninth Circuit case holding that, "absent exigent circumstances, if a person is present at the search of her premises, Rule 41(d) requires officers to provide her a complete copy of the warrant at the outset of the search." *Id.* at 4.

## B. GOVERNMENT

In response, the Government argues that the no Rule 41 violation occurred. (Doc. 16) at 6-12. The Government notes that Rule 41 contains no temporal requirement as to when a law enforcement officer must provide a search warrant to the property owner. Additionally, the Government argues that the plain text of the Rule only requires presenting a copy "of the warrant," which Oliver arguably fulfilled at the outset of the search. *Id.* Furthermore, even if Oliver's actions constituted a Rule 41 violation, the Government argues, the error does warrant suppression under Eleventh Circuit precedent. Finally, the Government argues that Welburn's proffered caselaw, outside of the Eleventh Circuit, is neither factually similar nor legally persuasive. (Doc. 16) at 8-12.

## IV. ANALYSIS

The undersigned is largely in agreement with the Government that these circumstances do not warrant suppression. First, Welburn did not dispute the Government's argument, either in briefing or at the suppression hearing, that the Rule 41 requirements in question here do not flow from the Fourth Amendment and, therefore, Welburn has no constitutional right to supervise the search. Indeed, Welburn would have little basis for

doing so. *See, e.g., U.S. v. Grubbs*, 547 U.S. 90, 99, 126 S. Ct. 1494, 1501 (2006) ("[t]his argument assumes that the executing officer must present the property owner with a copy of the warrant before conducting his search. In fact, however, neither the Fourth Amendment nor Federal Rule of Criminal Procedure 41 imposes such a requirement." (internal citations omitted)).

Additionally, the plain text of Rule 41 provides no support for Welburn's argument. In addition to containing no requirement as to *when* in the search process the officer must provide a copy of the warrant, the Rule's use of the past tense would seem to contemplate the possibility that the officer could fulfill her obligation to produce the warrant after the search was completed. Fed. R. Crim. P. 41(f)(1)(C) ("receipt for the property *taken*," "at the place where the officer *took* the property") (emphasis added).

The undersigned also agrees with the Government that Welburn's reliance on out-of-circuit precedent is misplaced in light of the Eleventh Circuit's own guidance on Rule 41. Welburn's primary case, *United States v. Gantt*, was premised on the Government's failure to provide a copy of the full search warrant at the outset of the search with no adequate justification. 194 F.3d 987, 1005 (9th Cir. 1999) ("Suppression is justified here because the violation was deliberate. . . . The government has provided no explanation or justification for the agent's failure."), *overruled on other grounds by United States. v. W.R. Grace*, 526 F.3d 499 (9th Cir. 2008). In the instant case, however, the Government provided an adequate – and unrebutted – reason for Oliver's decision to withhold the

attachments: Immediate compliance with Welburn's requests could have jeopardized the outcome of the impending search at Edwards' office.

Finally, the Eleventh Circuit offers differing guidance in Rule 41 inquiries than *Gantt* (relying, ironically, on differing Ninth Circuit precedent): "Unless a clear constitutional violation occurs, noncompliance with Rule 41 requires suppression of evidence only where (1) there was prejudice in the sense that the search might not have occurred or would not have been so abrasive if the rule had been followed, or (2) there is evidence of intentional and deliberate disregard of a provision of the Rule." *United States v. Gerber*, 994 F.2d 1556, 1560 (11th Cir. 1993) (citing *United States v. Stefanson*, 648 F.2d 1231, 1235 (9th Cir. 1981) (alterations omitted)).

Welburn testified at the suppression hearing and was unable to explain how he was prejudiced by Oliver's actions; he neither argued that the search would have not happened or would have occurred less abrasively. Further, for the reasons discussed above, Oliver's actions did not rise to the level of intentional and deliberate disregard of Rule 41 in light of law enforcement's concerns about the parallel searches.

In short, because Welburn cannot cite a constitutional violation, a violation of Rule 41 under the precedents of the Eleventh Circuit, or demonstrate prejudice as a result of Oliver's action, his motion should be denied.

## V. CONCLUSION

The undersigned magistrate judge RECOMMENDS that Defendant's Motion to Suppress (Doc. 13) be DENIED. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before November 12, 2019**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 29th day of October, 2019.

/s/ Stephen M. Doyle
UNITED STATES MAGISTRATE JUDGE